Bay, J.
No person is entitled to the benefit of the prison-bounds, who is not entitled to the benefit of the insolvent debtor’s act. This is agreeable to the very letter and spirit of all the acts which have been quoted. The insolvent debtor’s law is penned with great caution, and appears, from the preamble, to be intended only for the benefit of those who, by accident, losses, or other misfortunes, are rendered incapable of paying their debts, and by that means had become objects of compassion. But the 8th clause expressly excludes, from the privilege of that act, all those against whom damages have been recovered for wilful mayhem, or wilful and malicious trespass, or for damages done to a freehold, &c. and, also, all those who have lost money to a certain amount by gambling practices, &c. There is no mention of criminal prosecutions, or persons convicted of crimes and misdemeanors, in this act. They therefore depend upon the principles of common law, unless otherwise altered by some statute. But, surely, if persons sued and impleaded in civil actions, where damages are recovered in cases of mayhem, wilful and malicious trespass, or the like, are excluded expressly, there cannot be room for extending the indulgence, by implication or construction, to those fined and imprisoned in consequence of criminal prosecutions. Besides, it is clear from the very words of the law, for ascertaining prison-bounds, &c. that it is extended to persons confined on mesne process, or execution only, therefore excludes every other idea ; and the proviso, in the law for recovering forfeited recognisances, particularly relates to those species of forfeiture only, and to those who are imprisoned in pursuance of the terms of that law, and does not by any means extend to the present case. Therefore, *
Let the prisoner be remanded.